UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| | : | 07CV3136 |
| Plaintiff, | : | |
| | : | |
| - against - | : | **COMPLAINT** |
| | : | |
| THE COSTANTINO PRESTA IRREVOCABLE TRUST; MARK SEELIG, EUGENIO PRESTA, NICOLA PRESTA, AS TRUSTEES OF THE COSTANTINO PRESTA IRREVOCABLE TRUST; and HSBC BANK USA, NATIONAL ASSOCIATION; | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------------X

Plaintiff American General Life Insurance Company ("American General"), for its complaint against Defendants The Costantino Presta Irrevocable Trust (the "Trust"), Mark Seelig, Eugenio Presta, Nicola Presta as Trustees of The Costantino Presta Irrevocable Trust (collectively, "Trustees"); HSBC BANK USA, National Association ("HSBC USA"), states and alleges as follows:

## PARTIES

1.      American General is a Texas corporation with its principal place of business in Houston, Texas.

2.      The Costantino Presta Irrevocable Trust is a trust subject to the control of the Trustees who, on information and belief, are residents of the State of New York.

3.      Mark Seelig, on information and belief, is a resident of the State of New York.

4.      Eugenio Presta, on information and belief, is a resident of the State of New York.

5.      Nicola Presta, on information and belief, is a resident of the State of New York.

6.    HSBC USA, on information and belief, is a Delaware corporation with its principal place of business in the State of New York.

## JURISDICTION AND VENUE

7.    This action is brought as a declaratory judgment pursuant to 28 U.S.C. § 2201 and an interpleader under Fed. R. Civ. P. 22.

8.    American General is a citizen of the State of Texas. HSBC USA is a citizen of the State of New York because it is a corporation subject to personal jurisdiction in this judicial district. The Trustees are citizens of the State of New York. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs because the life insurance policies which are the subject of this action have a combined face value of approximately $10,000,000. Accordingly, complete diversity exists and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(a) and (c) because at least one of the defendants resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS

10.    Costantino Presta applied to American General for a policy of life insurance in an application consisting of Part A, dated October 19, 2005, and Part B, dated November 14, 2005. The owner of the policy was listed on the application as The Costantino Presta Irrevocable Trust. Mr. Presta, as the proposed insured, and Mark J. Seelig, as Trustee of the Costantino Presta Irrevocable Trust, named the Trust as the policy beneficiary. Both Mr. Presta and Mark Seelig on behalf of the Trust signed the application.

11.    Also part of the application process for the policy was the Policy Acceptance and

Amendment of Application ("PAA"), dated March 9, 2006, which Mr. Presta and Mark Seelig on behalf of the Trust both signed and which, by its terms, is part of the policy contract.

12.    As a result of the application and PAA submitted by Mr. Presta and Mark Seelig on behalf of the Trust, American General issued policy number YH00564730, bearing a policy date of January 6, 2006 and for a face amount of $10,000,000.  As part of the application process, Mr. Presta answered detailed questions necessary for underwriting the policy, including questions about his medical history and health condition.  He also attested to the truth and completeness of the representations made during the application process:

13.    The Application, at Part B, contained the following affirmation made by Mr. Presta:

> I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued.  I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) it is within its contestable period; and (2) such misrepresentation materially affects the acceptance of the risk.  Except as may be provided in a Limited Temporary Life Insurance Agreement (LTLIA), I understand and agree that no insurance will be in effect pursuant to this application, or under any new policy issued by the Company, unless or until: the policy has been delivered and accepted; the full first modal premium for the issued policy has been paid; and there has been no change in the health of any proposed insured that would change the answers to any questions in the application.

14.    Additionally, the PAA contains the following representation by Mr. Presta and the Trust:

> I represent, on behalf of myself and any dependent who may have been proposed for insurance, that to the best of my knowledge and belief:
>
> 1.    There have been no changes since the date of the

3

application in my health or any other condition; and

2.   Neither I nor any other proposed insured has since the date of the application:

> a.   Consulted a licensed health care provider or received medical or surgical advice or treatment; or

> b.   Acquired any knowledge or belief that any statements made in the application are now inaccurate or incomplete.

I hereby represent that I have read and understand the statements made above. I agree that this acknowledgment will be made part of the policy. I understand that if any statement above is not true, I should not sign this form. Instead, I should have the policy returned to the company with full details for further underwriting consideration.

15.    Mr. Presta signed Part B of the Application, and Mr. Presta and Mark Seelig on behalf of the Trust signed the PAA, affirming the truthfulness and completeness of the answers and information provided to American General.

16.    Policy number YH00564730 subsequently was partially converted to a universal life insurance policy on or about March 28, 2006 with a policy number of A70010845L, which insured Mr. Presta in the face amount of $8,695,853.61. As a result of this conversion, the face amount of policy number YH00564730 was reduced to $1,304,146. The Trust was the owner and primary beneficiary of the converted universal life policy, number A70010845L. The partial conversion of policy number YH00564730 was done pursuant to the right of the policyholder to apply for such conversion contained in the provisions of policy number YH00564730. No new underwriting would be performed by American General to complete the conversion.

17.    Policy number A70010845L was underwritten, approved and issued by American General based solely on Mr. Presta's answers, statements and representations made during the application process for policy number YH00564730, including Mr. Presta's answers on Part B of

4

the application, dated November 14, 2005, and on the PAA, dated March 9, 2006. In issuing policy number A70010845L, American General relied on Mr. Presta's answers, statements and representations set forth in both Part B of the application and in the PAA for policy number YH00564730.

18.    Pursuant to a premium finance agreement, on March 24, 2006, American General acknowledged an assignment from the Trust to HSBC USA granting HSBC USA all claims, options, privileges, rights, title and interest under policy number A70010845L as part of an agreement captioned "Assignment of Life Insurance Policy as Collateral" entered into between the Trust and HSBC USA (the "Agreement"). Pursuant to the Agreement, however, the Trust reserved to itself limited rights and maintained a potential interest in any proceeds payable under policy number A70010845L.

19.    Mr. Presta died on November 5, 2006, which was within the two-year contestable periods for both policies. A claim was submitted on behalf of the Trust to American General for the death benefits payable under both policies.

20.    Upon receiving the claim, American General commenced a customary investigation in light of the fact that the death occurred during the contestability period (within two years of issuance) of the Policy. The investigation revealed material misrepresentations on both the Application and the PAA related to Mr. Presta's medical history and health condition, which were material under New York law and upon which American General relied in issuing the policies. Based upon these material misrepresentations, American General denied the claims for benefits under the Policies.

## Material Misrepresentations

21.    Mr. Presta's application contained material misrepresentations regarding his

5

medical history and health condition.

22.    Question 7(A)(9) on Part B of the application asks if Mr. Presta had "ever been diagnosed as having, been treated for, or consulted a licensed health care provider for: arthritis, muscle disorders, connective tissue disease or other bone or joint disorders?"  Mr. Presta responded with an answer of "no" to this question.  American General's contestable claim investigation, however, revealed that Mr. Presta consulted a physician in October 2005 complaining of, among other things, muscle twitching, spasms and cramps and the loss of twenty-five percent of his muscle mass in the previous few years, for which the doctor noted an impression of probable motor neuron disease.  Mr. Presta's medical records further revealed numerous follow-up consultations with various physicians relating to this onset of symptoms over the next several weeks and months, including a diagnosis of ALS in February 2006.

23.    Question 7(F)(1) on Part B of the application asks if Mr. Presta in the past ten years has "been hospitalized, consulted a health care provider or had any illness, injury or surgery?"  Mr. Presta responded with an answer of "yes," explaining his answer, on the PAA, to include only a routine physical in March 2002, a prostate procedure, and a retinal repair.  American General's contestable claim investigation, however, revealed that Mr. Presta consulted a physician in October 2005 complaining of, among other things, muscle twitching, spasms and cramps and the loss of twenty-five percent of his muscle mass in the previous few years and self-reporting to the doctor that he had "gone downhill" in the "last six months."  As a result of this consultation, the doctor noted an impression of probable motor neuron disease.  Mr. Presta's medical records further revealed numerous follow-up consultations with various physicians relating to this onset of symptoms over the next several weeks and months, including a diagnosis of ALS in February 2006.

6

24.     Question 7(F)(2) of the application Part B asks if Mr. Presta in the past ten years has "had any laboratory tests, treatments or diagnostic procedures, including x-rays, scans or EKGs?" Mr. Presta responded to this question by answering "yes," explaining his answer, on the PAA, to include only a routine physical in March 2002, a prostate procedure, and a retinal repair. American General's contestable claim investigation into Mr. Presta's medical history, however, revealed that Mr. Presta underwent an EMG and nerve conduction study on November 1, 2005, which yielded abnormal results.

25.     Moreover, the PAA, as set out above, represents and affirms that "there have been no changes since the date of the application in my health or any other condition" and that Mr. Presta had not "since the date of the application consulted a licensed health care provider or received medical or surgical advice or treatment." American General's contestable claim investigation into Mr. Presta's medical history, however, revealed that, during the intervening weeks and months between the date of the application and the date of the PAA, Mr. Presta consulted several physicians in follow-up to his undisclosed October 2005 doctor visit. These consultations also revealed a decline in his condition and should have been disclosed prior to signing the PAA and prior to acceptance and delivery policy YH00564730.

26.     Mr. Presta failed to disclose the information relating to his onset of motor neuron disease and ALS, and to his symptoms, diagnosis, and treatment for ALS, which made his answers on both Part B of the application and on the PAA false statements of fact as inducements to issue life insurance pursuant to New York Ins. Law § 3105.

27.     Mr. Presta's misrepresentations were material to American General and material to the risk assumed by American General under the policies pursuant to New York Ins. Law § 3105. Had American General known the true facts at the time of underwriting for the policies

and/or known of the misrepresentations made on the application and PAA, American General would not have issued either policy as applied for.

## COUNT I
## DECLARATORY JUDGMENT

28.    American General incorporates paragraphs 1-27 by reference.

29.    An actual controversy exists between the parties as to whether American General is liable to the Trust and/or HSBC USA for the proceeds of the policies.  On information and belief, the Trust and/or HSBC USA both contend that they are entitled to the proceeds of the policies. American General contends that the policies were void *ab initio* because of the material misrepresentations of the true facts on the application and on the PAA as to Mr. Presta's medical history and health condition.  These omissions constitute a failure of condition precedent for coverage under the policies.  Moreover, these material misrepresentations, upon which American General relied, are grounds for rescission of the policies under New York law.

30.    A declaratory judgment regarding whether American General is obligated to pay the proceeds of the policies to either the Trust or to HSBC USA or whether the proceeds of the policies are payable at all will completely resolve the controversy among the parties.

31.    American General is entitled to a judicial declaration stating (a) that the policies did not take effect because of the failure of a condition precedent to coverage under the policies; or (b) that the policies were void *ab initio* as a result of the material misrepresentations on the application and on the PAA, upon which American General relied.

## COUNT II
## INTERPLEADER

32.    American General incorporates paragraphs 1-31 by reference.

33.    Because American General has rescinded the policies, a full refund of all

8

premium payments must be made.

34.    Based on the language of the Agreement entered into between the Trust and HSBC USA, American General is now in the position of addressing potentially conflicting claims by competing claimants for the refund of premiums. Upon information and belief, either the Trust or HSBC USA is entitled to the entirety of the refund of premiums from both policies. Accordingly, in order to protect against multiple and inconsistent claims from Defendants as well as exposure to double or multiple liability, American General respectfully files this Interpleader Action under Fed. R. Civ. P. 22.

35.    American General has in its possession all premiums paid, plus interest, under policy number YH00564730.

36.    American General has in its possession all premiums paid, plus interest, under policy number A70010845L.

37.    American General is obligated to disburse these funds to the appropriate party due to the rescission of the policies.

38.    Due to the various interests retained by the Trust and by HSBC USA as set forth in the Agreement, American General is unsure which party is entitled to the premium refunds.

39.    American General may be subject to multiple liability by conflicting claimants without further order of this Court.

40.    American General is a mere stakeholder and has no interest in the premium refunds from the policies. American General is ready, willing and able to pay the premium refunds plus the appropriate amount of interest.

41.    Concurrently with the filing of this complaint, American General will file a motion requesting that it be allowed to deposit into the Registry of the Court the full amount of

the premium refunds, plus an appropriate amount of interest, under the polices and to abide by the judgment of this Court with regard to the disbursement of these funds.

### JURY DEMAND

42.    Plaintiff hereby requests trial by jury on all claims subject to resolution by jury.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff American General Life Insurance Company respectfully requests an Order including or directing the following relief:

A. For a declaratory judgment stating that the policies did not take effect for failure of the performance of a condition precedent because of the material misrepresentations of the true facts on the application and on the PAA;

B. In the alternative, for a declaratory judgment stating that the policies are void *ab initio* and rescinded as a result of the material misrepresentations on both the application and on the PAA upon which American General relied in issuing the policies;

C. that the Court order Defendants to answer this Complaint for Interpleader and litigate or settle among themselves their rights and claims to the premium refund from both policy YH00564730 and policy A70010845L.

D. that the Court will enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the premium refund from both policy YH00564730 and policy A70010845L and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the premium refund from both

10

1541075.1

policy YH00564730 and policy A70010845L, or relating in any way to American General's

actions with respect to the handling of the refund of premiums;

E.  that the Court will discharge American General from all further liability under or relating to

the refunds of premiums from both policy YH00564730 and policy A70010845L, other than

as ordered by this Court;

F.  that the Court award Plaintiff's attorneys' fees and costs associated with interpleading this

matter; and

G.  that the Court will grant such other further relief as American General may be entitled to in

law or equity.

Dated:          White Plains, New York
                April 18, 2007

                                        Respectfully Submitted,

                                        _____
                                        Fred N. Knopf [FNK-4625]
                                        Michelle M. Arbitrio [MMA-2137]
                                        WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP
                                        3 Gannett Drive
                                        White Plains, New York 10604
                                        Tel.:    (914) 323-7000
                                        Fax:    (914) 323-7001
                                        File 07478.00343

                                        and-

                                        Michael D. Mulvaney (*pro hac vice*)
                                        Christopher C. Frost (*pro hac vice*)
                                        MAYNARD, COOPER & GALE, P.C.
                                        1901 Sixth Avenue North
                                        2400 AmSouth/Harbert Plaza
                                        Birmingham, Alabama 35203-2602
                                        Tel.    (205) 254-1000
                                        Fax:    (205) 254-1999

                                        Attorneys for American General Life Insurance
                                        Company

11

TO:

Costantino Presta Irrevocable Trust Dated 7-19-05
c/o Mark Seelig
Meister Seelig & Fein LLP
140 East 45th Street 19th Floor
New York, NY 10017

Nicola Presta
152 Florence Street
Yonkers, NY 10704

Eugenio Presta
43 Princeton Avenue
Yonkers, NY 10710

HSBC Bank USA, National Association
452 Fifth Avenue
New York, NY 10018

1541075.1