UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

               Plaintiff/Stakeholder,

   :

   - against -

THE COSTANTINO PRESTA IRREVOCABLE
TRUST; MARK SEELIG, EUGENIO PRESTA,
NICOLA PRESTA, AS TRUSTEES OF THE
COSTANTINO PRESTA IRREVOCABLE
TRUST; HSBC BANK USA, NATIONAL
ASSOCIATION;

               Defendants/Claimants:

------------------------------------------------------------------- x

Case No.  07-CIV-3136

## Motion for Final Decree of Interpleader

Plaintiff/Stakeholder, American General Life Insurance Company ("American General") by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, move this court for entry of final decree of interpleader.

American General is in the position of addressing potentially conflicting claims by the defendants/claimants in this matter for Premium Refunds on life insurance policy numbers YH00564730 and A70010845L, insuring the life of Costantino Presta. Upon information and belief, either the Trust or HSBC USA is entitled to either the entirety of the Premium Refunds from both Policies or to some proportionate share thereof. Accordingly, in order to protect against multiple and inconsistent claims from Defendants as well as exposure to double or multiple liability, American General respectfully files this interpleader action under Fed. R. Civ. P. 22.

American General has in its possession all premiums paid, plus interest, under Policy No. YH00564730. American General has in its possession all premiums paid, plus interest, under Policy No. A70010845L. American General is obligated to disburse the Premium Refunds to the appropriate parties. American General is unsure which party is entitled to the Premium Refunds. American General may be subject to multiple liability by conflicting claimants without further order of this Court.

American General is a mere stakeholder and has no interest in the Premium Refunds. American General is ready, willing and able to pay the Premium Refunds plus the appropriate amount of interest.

**Wherefore**, Plaintiff American General prays for the following relief:

a. that the Court order Defendants to answer the American General's Complaint for Interpleader and litigate or settle among themselves their rights and claims to the Premium Refunds.

b. that the Court will enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Premium Refunds and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the Premium Refunds, or relating in any way to American General's actions with respect to the handling of the Premium Refunds;

c. that the Court will discharge American General from all further liability under or relating to the Premium Refunds, other than as ordered by this Court;

d.  that the Court award Plaintiff's attorneys' fees and costs associated with interpleading this matter; and

e.  that the Court will grant such other further relief as American General may be entitled to in law or equity.

Dated:    White Plains, New York
          June 1, 2007

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:  _____
     Michelle M. Arbitrio, Esq.
     Attorneys for Plaintiff/Stakeholder
     American General Life Insurance Co.
     3 Gannett Drive
     White Plains, NY 10604
     File No.:  07478.00213

     --and--

     Michael D. Mulvaney (*Pro Hac Vice*)
     Christopher C. Frost (*Pro Hac Vice*)
     Maynard, Cooper & Gale, P.C.
     1901 Sixth Avenue North, Suite 2400
     Birmingham, Alabama 35203
     Attorneys for the Plaintiff/Stakeholder

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007, a copy of the foregoing Motion for Final Decree of Interpleader was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<div style="margin-left: 40%;">

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Michelle M. Arbitrio, Esq.
Attorneys for Plaintiff/Stakeholder
American General Life Insurance Co.
3 Gannett Drive
White Plains, NY 10604
File No.:  07478.00213

--and--

Michael D. Mulvaney (*Pro Hac Vice*)
Christopher C. Frost (*Pro Hac Vice*)
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Attorneys for the Plaintiff/Stakeholder

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

           Plaintiff/Stakeholder,

    :

   - against -

THE COSTANTINO PRESTA IRREVOCABLE
TRUST; MARK SEELIG, EUGENIO PRESTA,
NICOLA PRESTA, AS TRUSTEES OF THE
COSTANTINO PRESTA IRREVOCABLE
TRUST; HSBC BANK USA, NATIONAL
ASSOCIATION;

           Defendants/Claimants:

------------------------------------------------------------------------ x

Case No.  07-CIV-3136

**Declaration of
Michelle M. Arbitrio
in Support of
Motion for Final Decree of
Interpleader**

## DECLARATION

Michelle M. Arbitrio, pursuant to 28 U.S.C. § 1746, declares and states as follows subject to the penalties for perjury of the United States of America:

    1.    I am an associate of the firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Plaintiff American General Life Insurance Company ("American General") and submit this declaration in support of American General's motion for final decree of interpleader.

    2.    Annexed to this declaration are true and correct copies of the following documents:

| Exhibit | Description |
| --- | --- |
| A | Contract Data for Policy No. YH00564730 |
| B | Contract Data for Policy No. A70010845L |
| C | Agreement: "Assignment of Life Insurance Policy as Collateral" |

1576630.1

D          Certificate of Death of Costantino Presta

E          Complaint

Dated:     White Plains, New York
           June 1, 2007

                   WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              By: _____
                                      Michelle M. Arbitrio (MA 2137)

1576630.1

# EXHIBIT A

# AMERICAN GENERAL LIFE Insurance Company

2727-A Allen Parkway, Houston, Texas 77019 1-800-487-5433

American General Life Insurance Company, a stock company, referred to in this policy as we/us/our, will pay the benefits of this policy subject to its provisions. This page and the pages that follow are part of this policy.

Signed at our home office at 2727-A Allen Parkway, Houston, Texas 77019.

*Elizabeth M. Tuck*

Secretary

*Matthew E. Winter*

President

## READ YOUR POLICY

This policy is a legal contract between the owner and American General Life Insurance Company. Read your policy carefully.

## RIGHT TO RETURN POLICY

The owner may return this policy to us at the above address or to the agent from whom it was purchased within 30 days after receipt. This policy will then be cancelled as of its date of issue and any premium paid will be refunded.

Renewable Level Benefit Term Life Policy
Premiums Payable During Term
Insurance Payable in Event of Death Prior to Expiry Date
New Policy Option

Adjustable Premium

No Dividends
Re-Entry Option

LTG 2000AG

YH00564730

# TABLE OF CONTENTS

| Page | Title of Provision |
|---|---|
| 8 | Assignment |
| 8 | Beneficiary |
| 8 | Change of Owner or Beneficiary |
| 8 | Claims of Creditors |
| 8 | Contract |
| 8 | Correspondence |
| 5 | Definitions |
| 5 | Grace Period |
| 5 | Incontestability |
| 8 | Misstatement of Age or Sex |
| 6 | New Policy Option |
| 8 | Nonparticipating |
| 8 | Owner |
| 5 | Payment of Proceeds |
| 8A | Payment Options |
| 8B, 8C, 8D | Payment Options Monthly Income Table |
| 8 | Policy Settlement |
| 3 | Policy Specifications |
| 5 | Premium Payment |
| 1 | Read Your Policy |
| 7 | Re-Entry Option |
| 5 | Reinstatement |
| 6 | Renewal Option |
| 6 | Right To Change Premium |
| 1 | Right To Return Policy |
| 3 | Schedule of Benefits and Premiums |
| 5 | Suicide |
| 4 | Table of Premiums |

See Supplemental Benefit Pages For Riders, If Any.

## POLICY SPECIFICATIONS

| | | | |
|---|---|---|---|
| Insured | Constantino Presta | Policy Number | YH00564730 |
| Face Amount | $1,304,146 | Date of Issue | January 6, 2006 |
| Sex | MALE | Age at Issue | 69 |
| Underwriting Class | Preferred Non-Tobacco | | |

## SCHEDULE OF BENEFITS AND PREMIUMS

| Benefits | Benefit Amounts | Annual Premium | Years Payable |
|---|---|---|---|
| Life Insurance | $1,304,146 | $12,517.64 | 10 Years* |
| Total Initial Annual Premium | | $12,517.64 | |

Premiums payable other than annually are equal to a percentage of the annual premium. These percentages are shown on page 4. Premiums for this policy are initially payable at Monthly intervals. The first Monthly premium is $1,095.29.

*Annual renewal premiums are shown in the table of premiums on page 4. On the tenth policy anniversary and any later policy anniversary we have a right to change the premium. See the Right To Change Premium provision.

Expiry dates. The initial expiry date is January 6, 2016. Subsequent expiry dates will occur at the end of each one year renewable term period. The final expiry date is January 6, 2032.

New Policy Option. This policy may be exchanged for a new policy as specified in the New Policy Option provision. This option is available until the tenth policy anniversary, provided the insured is age 75 or less on the date of exchange.

Re-Entry Option. This policy may be exchanged for a new policy as specified in The Re-Entry Option provision. This option is available only on the tenth policy anniversary, provided the insured is age 80 or less on the date of exchange.

**DUPLICATE**

# EXHIBIT  B

# AMERICAN GENERAL LIFE
### Insurance Company
### A Stock Company

Home Office:
Houston, Texas

2727–A Allen Parkway
P.O. Box 1931
Houston, Texas 77251

(713) 522-1111

**WE WILL PAY THE DEATH BENEFIT PROCEEDS** to the Beneficiary if the Insured dies prior to the Maturity Date and while this policy is in force. Payment will be made after We receive due proof of the Insured's death, and will be subject to the terms of this policy.

**WE WILL PAY THE CASH SURRENDER VALUE** of this policy to the Owner on the Maturity Date if the Insured is living on that date and if this policy is in force.

The consideration for this contract is the application and payment of the first premium. The first premium must be paid on or before delivery of this policy.

This is an EQUITY INDEXED FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE POLICY. Adjustable Death Benefit is payable upon the Insured's death prior to the Maturity Date and while this policy is in force. Premium payments are flexible and payable to the Maturity Date. Indexed Interest may be paid at the end of each policy year based in part on the annual growth in Standard & Poor's 500 Composite Stock Price Index*. Starting in the second policy year, the Owner may elect to receive Excess Interest as declared by the Company instead of Indexed Interest. ACCUMULATION VALUES and CASH VALUES are flexible and will be based on the amount and frequency of premiums paid, and the amount of interest credited. Premium class may be Preferred Plus, Preferred, Standard, Tobacco, Non-Tobacco, Juvenile or Special (Substandard), as shown on the Policy Schedule and defined on page 2. NON-PARTICIPATING- NOT ELIGIBLE FOR DIVIDENDS.

*"Standard & Poor's®", "S&P®", "S&P 500®", "Standard & Poor's 500" and "500" are trademarks of The McGraw-Hill Companies, Inc. and have been licensed for use by American General Life Insurance Company. This product is not sponsored, endorsed, sold, or promoted by Standard & Poor's, and Standard & Poor's makes no representation regarding the advisability of purchasing this policy.

## NOTICE OF TWENTY DAY RIGHT TO EXAMINE POLICY

You may return this policy within twenty days after delivery if You are not satisfied with it for any reason. The policy may be returned to Us or to the agent through whom it was purchased. Upon surrender of the policy within the twenty day period, it will be void from the beginning, and We will refund any premium paid.

SIGNED AT THE HOME OFFICE ON THE DATE OF ISSUE.

_Elizabeth M. Tuck_
Secretary

President

### EQUITY INDEXED FLEXIBLE PREMIUM ADJUSTABLE LIFE
### READ YOUR POLICY CAREFULLY

04330

INDEX

| | |
|---|---|
| Accumulation Value | |
| On the Date of Issue | 9 |
| On Each Monthly Deduction Day | 9 |
| On Other than a Monthly Deduction Day | 9 |
| Annual Report | 17 |
| Beneficiary and Proceeds | 13 |
| Calculations—How We Calculate | |
| The Monthly Deduction | 10 |
| The Cost of Insurance—Basic Policy | 10 |
| Cap Rate | 8 |
| Cash Value | 9 |
| Changing Your Insurance Policy | |
| Change of Ownership or Beneficiary | 14 |
| Changing the Death Benefit Option | 6 |
| Changing the Specified Amount | 5, 6 |
| Contract | 4 |
| Cost of Insurance Rate Table | 20 |
| Date of Issue | 3, 4 |
| Death Benefit and Death Benefit Options | 5 |
| Excess Interest | 8 |
| Grace Period | 11 |
| Incontestability | 16 |
| Indexed Interest | 7-9 |
| Interest Rate - Accumulation Values | 11 |
| Loan Interest | 13 |
| Maturity Date | 3 |
| Monthly Administration Fee | 3, 10 |
| Net Premium | 4 |
| Owner | 4 |
| Payment Options | 14-16 |
| Policy Loans | 13 |
| Policy Values Provision | 9–12 |
| Premium Payments | 4 |
| Reinstatement | 18 |
| Specified Amount | 3,5 |
| Suicide Exclusion | 16 |
| Surrender, Full or Partial | 12 |
| Surrender Charge Provision | 10 |
| Surrender Charge Table | 22-24 |
| When This Policy Terminates | 17 |

**Company Reference.** "We", "Our", "Us", or "Company" mean American General Life Insurance Company.

**"You", "Your."** The words "You" or "Your" mean the Owner of this policy.

**Home Office.** Our office at 2727-A Allen Parkway, Houston, Texas 77019; Mailing Address P. O. Box 1931, Houston, Texas 77251.

**Written, In Writing.** A written request or notice in acceptable form and content, which is signed and dated, and received at Our Home Office.

**Premium Class.** The Premium Class of this policy is shown on the Policy Schedule as one or a combination of the following terms:

**Preferred Plus.** The term "Preferred Plus" means the cost of insurance is based on the Insured being an exceptional mortality risk and a non-user of tobacco.

**Preferred.** The term "Preferred" means the cost of insurance is based on the Insured being a better than average mortality risk.

**Standard.** The term "Standard" means the cost of insurance is based on the Insured being an average mortality risk.

**Tobacco.** The term "Tobacco" means the cost of insurance is based on the Insured being a user of tobacco.

**Non-Tobacco.** The term "Non-Tobacco" means the cost of insurance is based on the Insured being a non-user of tobacco.

**Juvenile.** The term "Juvenile" means the Insured's age, nearest birthday, was 17 or less on the Date of Issue. Cost of insurance rates stated in Juvenile policies for insurance ages 18 and above are rates for tobacco users. (Rates are not classified on the basis of the Insured being a user or non-user of tobacco at ages 0 through 17.)

Prior to the policy anniversary nearest the Insured's 18th birthday a request for Non-Tobacco rates may be submitted. See page 18, "Rates on Policy Anniversary Nearest Insured's 18th Birthday."

**Special.** The term "Special" means "Substandard" or "Rated". This means an extra amount is being charged due to the Insured's health, occupation or avocation.

NOTICE
This Policy Is A Legal Contract Between
The Policy Owner And The Company.

4/19/0810:46
001677805956

## POLICY SCHEDULE

BASIC POLICY

    ADJUSTABLE LIFE

ADDITIONAL BENEFITS PROVIDED BY RIDERS

    SEE PAGE 3 (CONT'D)

| | MONTHLY COST | YEARS PAYABLE |
|---|---|---|
| | SEE PAGE 20 | 31 |

### SCHEDULE OF PREMIUMS

PREMIUM CLASS:                              PREFERRED NON-TOBACCO
INITIAL PREMIUM:                       $1,000,000.00
PLANNED PERIODIC PREMIUM:       $1,000,000.00 PAYABLE ANNUALLY
DEDUCTION DAY:                      28TH DAY OF EACH MONTH

MINIMUM DEATH BENEFIT AMOUNT (AFTER A
    DECREASE IN SPECIFIED AMOUNT)      $100,000

MONTHLY EXPENSE CHARGE FOR FIRST 5 YEARS:   $7,296.16

INITIAL CAP RATE:             12.00%

S&P 500 INDEX ON THE DATE OF ISSUE:   $1,293.23

GUARANTEED INTEREST RATE FACTOR:   1.0008295

| GUARANTEED INTEREST RATE: | ANNUAL EFFECTIVE 1.0% | MONTHLY 0.08295% |
|---|---|---|

MORTALITY TABLE:            1980 COMMISSIONERS STANDARD ORDINARY
                                  MALE OR FEMALE, SMOKER OR NONSMOKER
                                  MORTALITY TABLE

DEATH BENEFIT COMPLIANCE TEST:        GUIDELINE PREMIUM

| | GUARANTEED | INITIAL |
|---|---|---|
| PREMIUM EXPENSE CHARGE PERCENTAGE: | 7.50% | 6.50% |
| MONTHLY ADMINISTRATION FEE: | $7.00 | $5.00 |

COVERAGE MAY EXPIRE PRIOR TO THE MATURITY DATE SHOWN WHERE EITHER NO
PREMIUMS ARE PAID FOLLOWING PAYMENT OF THE INITIAL PREMIUM, OR SUBSEQUENT
PREMIUMS ARE INSUFFICIENT TO CONTINUE COVERAGE TO SUCH DATE.

### POLICY DATA

INSURED: COSTANTINO PRESTA

INSURANCE AGE:  69

BASE COVERAGE:             $8,695,853
SUPPLEMENTAL COVERAGE:    $0
INITIAL SPECIFIED AMOUNT: $8,695,853
THIS IS A SEX DISTINCT POLICY

POLICY NUMBER:  A70010845L

DATE OF ISSUE:  MARCH 28, 2006

DEATH BENEFIT OPTION:  2

MATURITY DATE:  MARCH 28, 2037

### THIS IS A CALIFORNIA POLICY
### PAGE 3

04330

# EXHIBIT  C

## ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL

1    ASSIGNMENT. For Value Received, the undersigned, Costantino Presta Irrevocable Trust ("Owner") hereby assigns, transfers, pledges and grants all of claims, options, privileges, rights, title and interest in, to and under the insurance policy or policies described below to HSBC Bank USA, National Association of 452 Fifth Avenue, New York, New York 10018, its successors and assigns (herein called the "Assignee"):

Policy No.    _A700108 45L_

Issued by:    American General Life Insurance Company ("Insurer")

and any and all additions, renewals and supplementary contracts issued in connection therewith and any and all proceeds thereof (said policies and contracts and proceeds are hereinafter collectively referred to as the "Insurance Policy"), subject to all the terms and conditions of this Assignment of Life Insurance Policy as Collateral (this "Assignment") and the Insurance Policy. This Assignment is made pursuant to the Credit Agreement dated as of March___, 2006 among the Owner and Assignee (as it may be amended, replaced or novated from time to time, the "Credit Agreement") which provides for loans to the Owner in the original aggregate principal amount of up to $6,276,861.

This Assignment includes, without limitation, assignment of the following rights of Owner:  (a) the sole right to collect from the Insurer, to the extent of the amount of the Liabilities (as hereinafter defined), the net proceeds of the Insurance Policy due to the death of the Insured or maturity; (b) the sole right to surrender the Insurance Policy and receive the surrender value thereof at any time provided by the terms of the Insurance Policy and at such other times as the Insurer may allow; (c) the sole right to obtain one or more loans or advances on the Insurance Policy at any time, either from the Insurer or from other persons, and to pledge or assign the Insurance Policy as security for such loans or advances; (d) the sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the Insurance Policy now or hereafter made or apportioned thereto, and to exercise any and all options contained in the Insurance Policy with respect thereto; provided, that unless and until the Assignee shall notify the Insurer in writing to the contrary, the distributions or shares of surplus, dividend deposits and additions shall continue on the plan in force at the time of this Assignment; (e) the sole right to exercise all nonforfeiture rights permitted by the terms of the Insurance Policy or allowed by the Insurer and to receive all benefits and advantages derived therefrom; and (f) the right to exercise any and all voting rights or privileges to the extent created or endowed by the Insurance Policy. Notwithstanding anything contained in this Section 2 to the contrary, Lender shall not exercise any of the rights under the Insurance Policy assigned hereunder until there has been an Event of Default under the Credit Agreement which shall not have been cured within the time period set forth in the Credit Agreement.

2    RIGHTS RETAINED. The following rights, so long as the Insurance Policy has not been surrendered or canceled, are reserved and excluded from this Assignment and do not pass by virtue hereof:  (a) the right to collect from the Insurer any disability benefit payable in cash that does not reduce the amount of insurance; and (b) the right to designate and change the beneficiary of the Insurance Policy, provided that the Assignee shall continue to be considered the

NY479421.1
20617510001
03/16/2006 jcf

primary beneficiary of the Insurance Policy as provided in paragraph 4 below; provided, however, that the reservation of these rights shall in no way impair the right of the Assignee to surrender the Insurance Policy completely with all its incidents or impair any other right of the Assignee hereunder, and any designation or change of beneficiary or election of a mode of settlement shall be made subject to this Assignment and to the rights of the Assignee hereunder.

3      **OBLIGATIONS SECURED.** This Assignment is made, and the Insurance Policy is to be held, as collateral security for any and all liabilities of Owner and the other Obligors to the Assignee, either now existing or that may hereafter arise, including without limitation (a) the Obligations defined in the Credit Agreement and obligations under the Credit Documents and such additional amounts that Assignee may, in its sole discretion, loan to Owner from time to time after the date hereof, (b) the obligations and liabilities of the Guarantors under each Guaranty executed by a Guarantor, each as defined in the Credit Agreement and (c) the obligations of Owner or any other Obligor to the Assignee under any financing arrangements for insurance premiums with respect to the Insurance Policy (all of which liabilities secured or to become secured are herein called "Liabilities"). Subject to the terms of this Assignment, Assignee may apply money received under the Insurance Policy to pay Liabilities when due in any order Assignee may choose.

4      **BENEFITS PAYMENT DIRECTIVE.** Insurer is hereby authorized and directed to pay Assignee any and all death benefits and other amounts due under or on account of the Insurance Policy and Assignee shall be considered the Insurance Policy's primary beneficiary.

5      **REPRESENTATIONS.** Owner hereby represents and warrants that: (a) the Insurance Policy is in full force and effect; (b) Owner is the sole owner of the Insurance Policy and has full authority to assign the Insurance Policy to Assignee; and (c) Owner has neither assigned, nor granted or suffered any lien or security interest against, the Insurance Policy to any other entity which has not been terminated, except for liens securing the Liabilities. Owner further represents and warrants that no proceedings in bankruptcy are pending or to its knowledge threatened against Owner (and that no grounds exist for such proceedings) and the Collateral and the Insurance Policy are not subject to any assignment for the benefit of creditors.

6      **COVENANTS.** Owner and Assignee covenant and agree as follows: (a) that any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured or unmatured, shall be paid in full by the Assignee to the persons entitled thereto under the terms of the Insurance Policy had this Assignment not been executed; (b) that the Assignee shall not exercise any of the rights under the Insurance Policy assigned hereunder until there has been an Event of Default under the Credit Agreement which shall not have been cured within the time period set forth in the Credit Agreement; (c) that upon Owner's request the Assignee shall forward, without unreasonable delay, to the Insurer, the Insurance Policy for endorsement of any designation or change of beneficiary or any election of an optional mode of settlement; (d) Assignee shall be under no obligation to pay any premium, or the principal of or interest on any loans or advances on the Insurance Policy, whether or not obtained by the Assignee, or any other charges on the Insurance Policy, but such amounts so paid by the Assignee from its own funds, shall become a part of the Liabilities hereby secured, shall be due immediately, and shall accrue interest at the highest rate set forth in the Credit Agreement; (e) the exercise of any right, option, privilege or power given to the Assignee under this Assignment shall

be at the option of the Assignee, and Assignee may exercise any such right, option, privilege or power without notice to, or assent by, or affecting the liability of, or releasing any interest hereby assigned by Owner; (f) neither the Owner nor the Insurer shall alter, modify, amend or waive any of the terms and conditions of the Insurance Policy unless agreed to by the Assignee in writing; and (g) the Owner will not make any assignment of the Insurance Policy or any rights therein to any party other than Assignee while any Liabilities remain unpaid.

       7     **POWER OF ATTORNEY.** Owner irrevocably appoints Assignee and any officer or agent thereof, with full power of substitution, as its true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of Owner and in the name of Owner or in its own name, from time to time in Assignee's discretion, for the purpose of carrying out the terms of this Assignment, to take any and all appropriate action and to execute and deliver any and all documents and instruments which Assignee may deem necessary or desirable to accomplish the purposes of this Assignment, provided, however, that nothing in this Assignment shall obligate Assignee to protect the interests of Owner or anyone else in or under the Insurance Policy.

       8     **NO WAIVER.** Any forbearance or failure or delay by Assignee in exercising any right, power or remedy hereunder shall not be deemed to be a waiver of such right, power or remedy, and any single or partial exercise of any right, power or remedy shall not preclude the further exercise thereof. The Assignee may take or release other security, may release any party primarily or secondarily liable for any of the Liabilities, may grant extensions, renewals or indulgences with respect to the Liabilities, or may apply to the Liabilities in such order as the Assignee shall determine, the proceeds of the Insurance Policy hereby assigned or any amount received on account of the Insurance Policy by the exercise of any right permitted under this Assignment, without resorting or regard to other security or any guaranty. No waiver of any provision hereof shall be effective unless it shall be in writing and signed by the Assignee.

       9     **JOINT AND SEVERAL LIABILITY.** If more than one entity signs this Assignment as an owner, the obligations, agreements, covenants, representations and warranties of all such persons or entities signing this Assignment as owners shall be joint and several.

      10    **SUCCESSORS AND ASSIGNS.** All of the terms and provisions of this Assignment shall be binding upon, and inure to the benefit of, and be enforceable by, the respective successors, executors, administrators and assigns of the parties hereto.

      11    **ENTIRE AGREEMENT.** This writing represents the entire agreement and understanding of the parties with respect to the subject matter hereof and supersedes all prior agreements or understandings between or among such parties with respect to such subject matter; it may not be altered or amended except by subsequent written agreement duly executed by all of the parties.

      12    **NOTICES.** Unless notice is required by law to be given in another manner, all notices or other communications required or permitted to be given pursuant to this Assignment shall be given in the manner, to the addresses and numbers and with the effect, in each case, as specified in the Credit Agreement.

*RP EP*

13    **CHOICE OF LAW**.  This Assignment shall be governed by and construed in accordance with the laws of the State of New York.

14    **TITLES AND HEADINGS**.  Titles and headings of sections of this Assignment are for convenience of reference only and shall not affect the construction of any provision of this Assignment.  The unenforceability of any provision of this Assignment shall not effect the enforceability or validity of any other provision hereof.

15    **TERMINATION**.  Promptly after payment in full of all Liabilities and the termination of the Assignee's commitments with respect thereto, the Assignee shall execute and deliver a termination of this Assignment upon request and at the expense of Owner.

16    **AUTHORIZATION**.  The Owner hereby authorizes Insurer to recognize the Assignee's claims to rights under this Assignment without investigating the reason for any action taken by the Assignee, or the validity or the amount of the Liabilities or the existence of any default with respect thereto, or the giving of any notice to the Owner, or the application to be made by the Assignee of any amounts to be paid to the Assignee.  The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Insurance Policy assigned hereby and the sole receipt by the Assignee of any sums shall be a full discharge and release therefor to the Insurer.  Checks for all or any part of the sums payable under the Insurance Policy and assigned herein, shall be paid to the exclusive order of the Assignee if, when, and in such amounts as may be requested by the Assignee.  The Insurer's payment to the Assignee of the assignment fully releases the Insurer from any further obligation.  The Owner hereby acknowledges that the Assignee's claim is superior to that of any beneficiary.  Insurer has retained the duplicate copy of this Assignment.  Insurer assumes no responsibility for the validity of the Assignment.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

Signed: March /6, 2006

COSTANTINO PRESTA IRREVOCABLE TRUST

By _____
Name: Mark J Seelig
Title: Co-Trustee

By _____
Name:
Title: Co-Trustee

By _____
Name:
Title: Co-Trustee

Accepted and acknowledged as of the date written above:

HSBC BANK USA, National Association, as Assignee

By: _____
Name:
Title:      Lita G. Marks
            Vice President

NY479421.1
20617510001
03/16/2006 jsf

5

STATE OF _New York_ )
                          ): ss.:
COUNTY OF _Suffolk_ )

On the _16_ day of March, 2006, before me personally came _Mark J. Seolig_ to me known, who being by me duly sworn, did depose and say (s)/he is the co-trustee of Costantino Presta Irrevocable Trust, the trust described in and which executed the foregoing instrument; and that (s)/he was authorized to sign her/his name thereto on behalf of said trust.

SHARDA C. ROOPLAL
Notary Public, State of New York
No. 01RO6085827
Qualified in Suffolk County
Commission Expires January 6, 2007

_Sharda C. Rooplal_
Notary Public

STATE OF _N.Y._ )
                          ): ss.:
COUNTY OF _West._ )

On the _16_ day of March, 2006, before me personally came _NICOLA PRESTA_ to me known, who being by me duly sworn, did depose and say (s)/he is the co-trustee of Costantino Presta Irrevocable Trust, the trust described in and which executed the foregoing instrument; and that (s)/he was authorized to sign her/his name thereto on behalf of said trust.

_Ronald V. Eletto_
Notary Public

RONALD V. ELETTO
Notary Public, State of New York
No. 04EY0029
Qualified in Westchester County
Commission Expires June 30, 2007

STATE OF _N.Y._ )
                          ): ss.:
COUNTY OF _West._ )

On the _16_ day of March, 2006, before me personally came _EUGENIO Presta_ to me known, who being by me duly sworn, did depose and say (s)/he is the co-trustee of Costantino Presta Irrevocable Trust, the trust described in and which executed the foregoing instrument; and that (s)/he was authorized to sign her/his name thereto on behalf of said trust.

_Ronald V. Eletto_
Notary Public

RONALD V. ELETTO
Notary Public, State of New York
No. 04EY0029
Qualified in Westchester County
Commission Expires June 30, 2007

NY479421.1
20617510001
03/16/2006 jsf

6

## Acknowledgment

The undersigned hereby acknowledges the attached Assignment of Life Insurance Policy as Collateral and agrees to pay all amounts due under the policies specified therein (other than disability benefits payable in cash that do not reduce the amount of the insurance) directly to HSBC Bank USA, N.A. HSBC Bank USA, N.A. may direct the undersigned to pay the balance thereunder to the beneficiaries designated in such policies.

The undersigned confirms that there are no other effective assignments on the records of the undersigned against the policy which is the subject of this Assignment.

AMERICAN GENERAL LIFE INSURANCE COMPANY

By: _____

Name: Mark McGuire

Title: SVP

Date: March 24, 2006

Policy Owner: Costantino Presta Irrevocable Trust

State of _____ )
                                                  ) ss.
County of _____ )

On March ___, 2006 before me, a Notary Public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.                    SEAL

Signature: _____

NY479421.1
20617510001
03/16/2006 jsf

7

## Acknowledgment

The undersigned hereby acknowledges the actions taken by Costantino Presta Irrevocable Trust in the attached Assignment of Life Insurance Policy as Collateral.

Costantino Presta, as Insured

Date: March __, 2006

NY479421.1
20617510001
03/16/2006 jaf

8

## Acknowledgment

The undersigned hereby acknowledges the actions taken by Costantino Presta Irrevocable Trust in the attached Assignment of Life Insurance Policy as Collateral and the rights of the Assignee thereunder including the right of the Assignee to be paid prior to any payment to the undersigned.

_____, as Beneficiary

Date:  March __, 2006

NY479421.1
20617510001
03/16/2006 jsf

9

# EXHIBIT D

DOH-1961 (05/2003)

RECORDED DISTRICT
5907

4+ REGISTER NUMBER

**NEW YORK STATE**
**DEPARTMENT OF HEALTH**
## CERTIFICATE OF DEATH

STATE FILE NUMBER

| 1. NAME: FIRST | MIDDLE | LAST | 2. SEX | 3A. DATE OF DEATH | 3B. HOURS |
|---|---|---|---|---|---|
| COSTANTINO | G. | PRESTA | MALE X | 11  05  2006 | 1:145 p.m. |

4A. PLACE OF DEATH: HOSPITAL — HOSPITAL — HOSPITAL — NURSING — PRIVATE — HOSPICE — OTHER
(Check one) Inpatient / Outpatient / Emergency / Home / RESIDENCE / (Specify)

4D. LOCALITY (Enter zone and name)
CITY, VILLAGE, TOWN  X  Yonkers

4E. COUNTY OF DEATH
Westchester

4C. NAME OF FACILITY: (If not facility, give address)
1112 Underhill Street

5. DATE OF BIRTH:
Oct  05  1936  70 yrs

6A. AGE IN YEARS  San Lucido, Italy

17. NAME OF FATHER: FIRST Nicola  LAST Presta

18. MAIDEN NAME OF MOTHER: FIRST Amalia  LAST Gaudio

13. SOCIAL SECURITY NUMBER: 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

14. SURVIVING SPOUSE: Francesca Marsala

15A. USUAL OCCUPATION: Proprietor   15B. KIND OF BUSINESS OR INDUSTRY: Real estate business   15C. NAME AND LOCALITY OF COMPANY OR FIRM: CNG Realty - New York, NY

16A. RESIDENCE (State or Country if not USA) New York  16B. County of Residence Westchester  16C. CITY Yonkers

16D. STREET AND NUMBER OF RESIDENCE 1112 Underhill Street  10710

19A. NAME OF INFORMANT: Nicola Presta

19B. MAILING ADDRESS: 152 Florence Street - Yonkers, NY 10704

20A. BURIAL-CREMATION: Nov. 09 2006  20B. PLACE OF BURIAL, CREMATION: Ferncliff Cemetery  20C. Hartsdale, NY

21A. NAME AND ADDRESS OF FUNERAL HOME: F. RUGGIERO & SONS, Inc. 732 Yonkers Avenue, Yonkers, NY 10704  21B. REGISTRATION NUMBER 00560

22A. NAME OF FUNERAL DIRECTOR: Richard J. Ruggiero  22B. SIGNATURE OF FUNERAL DIRECTOR  22C. 03462

23A. SIGNATURE OF REGISTRAR: Sharon L. Wynne  23B. DATE FILED: 11 07 2006  24A. DATE ISSUED: 11 07 2006

ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN — OR — CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER

25A. CERTIFICATION: To the best of my knowledge, death occurred at the time, date and place and due to the causes stated.

Certifier's Name: Kavita Sharma 251146  Signature: Sharma  11 06 2006
Certifier's Title:  X Attending Physician  17440 Eastchester Rd, Bronx, NY 10461

26A. Attending physician attended deceased: Month 10 Day 16 Year 2006  to Month 11 Day 05 Year 2006

27. MANNER OF DEATH: NATURAL CAUSE X

30. DEATH WAS CAUSED BY: (ENTER ONLY ONE CAUSE PER LINE FOR (A), (B), AND (C).)

PART I. IMMEDIATE CAUSE: Cardio pulmonary arrest

DUE TO OR AS A CONSEQUENCE OF: atherosclerotic heart disease

SAFEGUARD

# EXHIBIT  E

# JUDGE LYNCH

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**    07 CIV 3136

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| American General Life Insurance Company | The Costantino Presta Irrevocable Trust; Mark Seelig, Eugenio Presta, Nicola Presta, as trustees of the Costantino Presta Irrevocable Trust; and HSBC Bank USA National |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Fred N. Knopf, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 3 Gannett Drive, White Plains NY 10604 (914) 323-7000 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This action is brought as a declaratory judgment pursuant to 28 U.S.C. 2201 and an interpleader under Fed. R. Civ. P. 22.

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes [ ]  Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

**ACTIONS UNDER STATUTES**

**TORTS**

**CONTRACT**
- [X] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES  [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER_____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | |
|---|---|---|---|---|---|

☒ 1 Original Proceeding

☐ 2a. Removed from State Court

☐ 2b. Removed from State Court AND at least one party is a pro se litigant

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from (Specify District)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judge Judgment

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☒ 4 DIVERSITY

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [x] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

### PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

American General Life Insurance Company
2929 Allen Parkway
Houston, Texas 77019

The County is Harris County.

### DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

* The Costantino Presta Irrevocable Trust c/o Mark Seelig, 140 East 45th Street, 19th Floor, New York, NY 10017
* Mark Seelig, 140 East 45th Street, 19th Floor, New York, NY 10017
* Nicola Presta, 152 Florence Street, Yonkers, NY 10704
* Eugenio Presta, 43 Princeton Avenue, Yonkers, NY 10710
* HSBC Bank USA, National Association, 452 Fifth Avenue, New York, NY

### DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE 4/18/07 RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT [ ] NO [x] YES (DATE ADMITTED Mo. _____ Yr. _____) Attorney Bar Code # |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ JUDGE ELLIS _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AMERICAN GENERAL LIFE                         :
INSURANCE COMPANY,                            :
                                              :
                    Plaintiff,                :      ___ Civ. ___
                                              :
        - against -                           :      **COMPLAINT**
                                              :
THE COSTANTINO PRESTA IRREVOCABLE             :
TRUST; MARK SEELIG, EUGENIO PRESTA,           :      07 CIV. 3136
NICOLA PRESTA, AS TRUSTEES OF THE             :
COSTANTINO PRESTA IRREVOCABLE                 :
TRUST; and HSBC BANK USA, NATIONAL            :      JUDGE LYNCH
ASSOCIATION;                                  :
                                              :
                    Defendants.               :
-----------------------------------------------------------X

        Plaintiff American General Life Insurance Company ("American General"), for its

complaint against Defendants The Costantino Presta Irrevocable Trust (the "Trust"), Mark

Seelig, Eugenio Presta, Nicola Presta as Trustees of The Costantino Presta Irrevocable Trust

(collectively, "Trustees"); HSBC BANK USA, National Association ("HSBC USA"), states and

alleges as follows:

## PARTIES

        1.      American General is a Texas corporation with its principal place of business in

Houston, Texas.

        2.      The Costantino Presta Irrevocable Trust is a trust subject to the control of the

Trustees who, on information and belief, are residents of the State of New York.

        3.      Mark Seelig, on information and belief, is a resident of the State of New York.

        4.      Eugenio Presta, on information and belief, is a resident of the State of New York.

        5.      Nicola Presta, on information and belief, is a resident of the State of New York.

6.    HSBC USA, on information and belief, is a Delaware corporation with its principal place of business in the State of New York.

### JURISDICTION AND VENUE

7.    This action is brought as a declaratory judgment pursuant to 28 U.S.C. § 2201 and an interpleader under Fed. R. Civ. P. 22.

8.    American General is a citizen of the State of Texas. HSBC USA is a citizen of the State of New York because it is a corporation subject to personal jurisdiction in this judicial district. The Trustees are citizens of the State of New York. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs because the life insurance policies which are the subject of this action have a combined face value of approximately $10,000,000. Accordingly, complete diversity exists and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(a) and (c) because at least one of the defendants resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

### FACTS

10.    Costantino Presta applied to American General for a policy of life insurance in an application consisting of Part A, dated October 19, 2005, and Part B, dated November 14, 2005. The owner of the policy was listed on the application as The Costantino Presta Irrevocable Trust. Mr. Presta, as the proposed insured, and Mark J. Seelig, as Trustee of the Costantino Presta Irrevocable Trust, named the Trust as the policy beneficiary. Both Mr. Presta and Mark Seelig on behalf of the Trust signed the application.

11.    Also part of the application process for the policy was the Policy Acceptance and

1641975.1

Amendment of Application ("PAA"), dated March 9, 2006, which Mr. Presta and Mark Seelig

on behalf of the Trust both signed and which, by its terms, is part of the policy contract.

12.     As a result of the application and PAA submitted by Mr. Presta and Mark Seelig

on behalf of the Trust, American General issued policy number YH00564730, bearing a policy

date of January 6, 2006 and for a face amount of $10,000,000. As part of the application

process, Mr. Presta answered detailed questions necessary for underwriting the policy, including

questions about his medical history and health condition. He also attested to the truth and

completeness of the representations made during the application process:

13.     The Application, at Part B, contained the following affirmation made by Mr.

Presta:

> I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) it is within its contestable period; and (2) such misrepresentation materially affects the acceptance of the risk. Except as may be provided in a Limited Temporary Life Insurance Agreement (LTLIA), I understand and agree that no insurance will be in effect pursuant to this application, or under any new policy issued by the Company, unless or until: the policy has been delivered and accepted; the full first modal premium for the issued policy has been paid; and there has been no change in the health of any proposed insured that would change the answers to any questions in the application.

14.     Additionally, the PAA contains the following representation by Mr. Presta and the

Trust:

> I represent, on behalf of myself and any dependent who may have been proposed for insurance, that to the best of my knowledge and belief:
>
> 1.  There have been no changes since the date of the

3

application in my health or any other condition; and

2.  Neither I nor any other proposed insured has since the date of the application:

    a.  Consulted a licensed health care provider or received medical or surgical advice or treatment; or

    b.  Acquired any knowledge or belief that any statements made in the application are now inaccurate or incomplete.

I hereby represent that I have read and understand the statements made above. I agree that this acknowledgment will be made part of the policy. I understand that if any statement above is not true, I should not sign this form. Instead, I should have the policy returned to the company with full details for further underwriting consideration.

15.  Mr. Presta signed Part B of the Application, and Mr. Presta and Mark Seelig on behalf of the Trust signed the PAA, affirming the truthfulness and completeness of the answers and information provided to American General.

16.  Policy number YH00564730 subsequently was partially converted to a universal life insurance policy on or about March 28, 2006 with a policy number of A70010845L, which insured Mr. Presta in the face amount of $8,695,853.61. As a result of this conversion, the face amount of policy number YH00564730 was reduced to $1,304,146. The Trust was the owner and primary beneficiary of the converted universal life policy, number A70010845L. The partial conversion of policy number YH00564730 was done pursuant to the right of the policyholder to apply for such conversion contained in the provisions of policy number YH00564730. No new underwriting would be performed by American General to complete the conversion.

17.  Policy number A70010845L was underwritten, approved and issued by American General based solely on Mr. Presta's answers, statements and representations made during the application process for policy number YH00564730, including Mr. Presta's answers on Part B of

4

the application, dated November 14, 2005, and on the PAA, dated March 9, 2006. In issuing

policy number A70010845L, American General relied on Mr. Presta's answers, statements and

representations set forth in both Part B of the application and in the PAA for policy number

YH00564730.

18.    Pursuant to a premium finance agreement, on March 24, 2006, American General

acknowledged an assignment from the Trust to HSBC USA granting HSBC USA all claims,

options, privileges, rights, title and interest under policy number A70010845L as part of an

agreement captioned "Assignment of Life Insurance Policy as Collateral" entered into between

the Trust and HSBC USA (the "Agreement"). Pursuant to the Agreement, however, the Trust

reserved to itself limited rights and maintained a potential interest in any proceeds payable under

policy number A70010845L.

19.    Mr. Presta died on November 5, 2006, which was within the two-year contestable

periods for both policies. A claim was submitted on behalf of the Trust to American General for

the death benefits payable under both policies.

20.    Upon receiving the claim, American General commenced a customary

investigation in light of the fact that the death occurred during the contestability period (within

two years of issuance) of the Policy. The investigation revealed material misrepresentations on

both the Application and the PAA related to Mr. Presta's medical history and health condition,

which were material under New York law and upon which American General relied in issuing

the policies. Based upon these material misrepresentations, American General denied the claims

for benefits under the Policies.

**Material Misrepresentations**

21.    Mr. Presta's application contained material misrepresentations regarding his

5

medical history and health condition.

22.    Question 7(A)(9) on Part B of the application asks if Mr. Presta had "ever been diagnosed as having, been treated for, or consulted a licensed health care provider for: arthritis, muscle disorders, connective tissue disease or other bone or joint disorders?"  Mr. Presta responded with an answer of "no" to this question.  American General's contestable claim investigation, however, revealed that Mr. Presta consulted a physician in October 2005 complaining of, among other things, muscle twitching, spasms and cramps and the loss of twenty-five percent of his muscle mass in the previous few years, for which the doctor noted an impression of probable motor neuron disease.  Mr. Presta's medical records further revealed numerous follow-up consultations with various physicians relating to this onset of symptoms over the next several weeks and months, including a diagnosis of ALS in February 2006.

23.    Question 7(F)(1) on Part B of the application asks if Mr. Presta in the past ten years has "been hospitalized, consulted a health care provider or had any illness, injury or surgery?"  Mr. Presta responded with an answer of "yes," explaining his answer, on the PAA, to include only a routine physical in March 2002, a prostate procedure, and a retinal repair.  American General's contestable claim investigation, however, revealed that Mr. Presta consulted a physician in October 2005 complaining of, among other things, muscle twitching, spasms and cramps and the loss of twenty-five percent of his muscle mass in the previous few years and self-reporting to the doctor that he had "gone downhill" in the "last six months." As a result of this consultation, the doctor noted an impression of probable motor neuron disease.  Mr. Presta's medical records further revealed numerous follow-up consultations with various physicians relating to this onset of symptoms over the next several weeks and months, including a diagnosis of ALS in February 2006.

24.    Question 7(F)(2) of the application Part B asks if Mr. Presta in the past ten years has "had any laboratory tests, treatments or diagnostic procedures, including x-rays, scans or EKGs?" Mr. Presta responded to this question by answering "yes," explaining his answer, on the PAA, to include only a routine physical in March 2002, a prostate procedure, and a retinal repair. American General's contestable claim investigation into Mr. Presta's medical history, however, revealed that Mr. Presta underwent an EMG and nerve conduction study on November 1, 2005, which yielded abnormal results.

25.    Moreover, the PAA, as set out above, represents and affirms that "there have been no changes since the date of the application in my health or any other condition" and that Mr. Presta had not "since the date of the application consulted a licensed health care provider or received medical or surgical advice or treatment." American General's contestable claim investigation into Mr. Presta's medical history, however, revealed that, during the intervening weeks and months between the date of the application and the date of the PAA, Mr. Presta consulted several physicians in follow-up to his undisclosed October 2005 doctor visit. These consultations also revealed a decline in his condition and should have been disclosed prior to signing the PAA and prior to acceptance and delivery policy YH00564730.

26.    Mr. Presta failed to disclose the information relating to his onset of motor neuron disease and ALS, and to his symptoms, diagnosis, and treatment for ALS, which made his answers on both Part B of the application and on the PAA false statements of fact as inducements to issue life insurance pursuant to New York Ins. Law § 3105.

27.    Mr. Presta's misrepresentations were material to American General and material to the risk assumed by American General under the policies pursuant to New York Ins. Law § 3105. Had American General known the true facts at the time of underwriting for the policies

and/or known of the misrepresentations made on the application and PAA, American General would not have issued either policy as applied for.

## COUNT I
### DECLARATORY JUDGMENT

28.    American General incorporates paragraphs 1-27 by reference.

29.    An actual controversy exists between the parties as to whether American General is liable to the Trust and/or HSBC USA for the proceeds of the policies. On information and belief, the Trust and/or HSBC USA both contend that they are entitled to the proceeds of the policies. American General contends that the policies were void *ab initio* because of the material misrepresentations of the true facts on the application and on the PAA as to Mr. Presta's medical history and health condition. These omissions constitute a failure of condition precedent for coverage under the policies. Moreover, these material misrepresentations, upon which American General relied, are grounds for rescission of the policies under New York law.

30.    A declaratory judgment regarding whether American General is obligated to pay the proceeds of the policies to either the Trust or to HSBC USA or whether the proceeds of the policies are payable at all will completely resolve the controversy among the parties.

31.    American General is entitled to a judicial declaration stating (a) that the policies did not take effect because of the failure of a condition precedent to coverage under the policies; or (b) that the policies were void *ab initio* as a result of the material misrepresentations on the application and on the PAA, upon which American General relied.

## COUNT II
### INTERPLEADER

32.    American General incorporates paragraphs 1-31 by reference.

33.    Because American General has rescinded the policies, a full refund of all

1541075.1

premium payments must be made.

34.    Based on the language of the Agreement entered into between the Trust and HSBC USA, American General is now in the position of addressing potentially conflicting claims by competing claimants for the refund of premiums. Upon information and belief, either the Trust or HSBC USA is entitled to the entirety of the refund of premiums from both policies. Accordingly, in order to protect against multiple and inconsistent claims from Defendants as well as exposure to double or multiple liability, American General respectfully files this Interpleader Action under Fed. R. Civ. P. 22.

35.    American General has in its possession all premiums paid, plus interest, under policy number YH00564730.

36.    American General has in its possession all premiums paid, plus interest, under policy number A70010845L.

37.    American General is obligated to disburse these funds to the appropriate party due to the rescission of the policies.

38.    Due to the various interests retained by the Trust and by HSBC USA as set forth in the Agreement, American General is unsure which party is entitled to the premium refunds.

39.    American General may be subject to multiple liability by conflicting claimants without further order of this Court.

40.    American General is a mere stakeholder and has no interest in the premium refunds from the policies. American General is ready, willing and able to pay the premium refunds plus the appropriate amount of interest.

41.    Concurrently with the filing of this complaint, American General will file a motion requesting that it be allowed to deposit into the Registry of the Court the full amount of

the premium refunds, plus an appropriate amount of interest, under the polices and to abide by the judgment of this Court with regard to the disbursement of these funds.

## JURY DEMAND

42.    Plaintiff hereby requests trial by jury on all claims subject to resolution by jury.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff American General Life Insurance Company respectfully requests an Order including or directing the following relief:

A. For a declaratory judgment stating that the policies did not take effect for failure of the performance of a condition precedent because of the material misrepresentations of the true facts on the application and on the PAA;

B. In the alternative, for a declaratory judgment stating that the policies are void *ab initio* and rescinded as a result of the material misrepresentations on both the application and on the PAA upon which American General relied in issuing the policies;

C. that the Court order Defendants to answer this Complaint for Interpleader and litigate or settle among themselves their rights and claims to the premium refund from both policy YH00564730 and policy A70010845L.

D. that the Court will enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the premium refund from both policy YH00564730 and policy A70010845L and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the premium refund from both

policy YH00564730 and policy A70010845L, or relating in any way to American General's actions with respect to the handling of the refund of premiums;

E. that the Court will discharge American General from all further liability under or relating to the refunds of premiums from both policy YH00564730 and policy A70010845L, other than as ordered by this Court;

F. that the Court award Plaintiff's attorneys' fees and costs associated with interpleading this matter; and

G. that the Court will grant such other further relief as American General may be entitled to in law or equity.

Dated:     White Plains, New York
           April 18, 2007

Respectfully Submitted,

Fred N. Knopf [FNK-4625]
Michelle M. Arbitrio [MMA-2137]
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.:   (914) 323-7000
Fax:    (914) 323-7001
File 07478.00343

and-

Michael D. Mulvaney (*pro hac vice*)
Christopher C. Frost (*pro hac vice*)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
Tel.    (205) 254-1000
Fax:    (205) 254-1999

Attorneys for American General Life Insurance Company

11

1541075.1

TO:

Costantino Presta Irrevocable Trust Dated 7-19-05
c/o Mark Seelig
Meister Seelig & Fein LLP
140 East 45th Street 19th Floor
New York, NY 10017

Nicola Presta
152 Florence Street
Yonkers, NY 10704

Eugenio Presta
43 Princeton Avenue
Yonkers, NY 10710

HSBC Bank USA, National Association
452 Fifth Avenue
New York, NY 10018

1541075.1