UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

AMERICAN GENERAL LIFE               :        Case No. 07-CIV-3136
INSURANCE COMPANY,                    :
                                           :

               Plaintiff/Stakeholder,       :

:                                       :

     - against -                       :
                                         :

THE COSTANTINO PRESTA IRREVOCABLE    :
TRUST; MARK SEELIG, EUGENIO PRESTA,   :
NICOLA PRESTA, AS TRUSTEES OF THE
COSTANTINO PRESTA IRREVOCABLE
TRUST; HSBC BANK USA, NATIONAL
ASSOCIATION;

              Defendants/Claimants:

-------------------------------------------------------------------- x

**Memorandum of Law in Support of Plaintiff
American General Life Insurance Company's
Motion for Final Decree of Interpleader**

Fred N. Knopf, Esq.
Michelle M. Arbitrio, Esq.
Attorneys for Plaintiff/Stakeholder
American General Life Insurance Co.
3 Gannett Drive
White Plains, NY 10604
File No.: 07478.00213

--and--

Michael D. Mulvaney (*Pro Hac Vice*)
Christopher C. Frost (*Pro Hac Vice*)
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Attorneys for the Plaintiff/Stakeholder

Plaintiff/Stakeholder, American General Life Insurance Company ("American General") by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, move this court for entry of final decree of interpleader.

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

2. This Court has personal jurisdiction over Mark Seelig because, on information and belief, he is a New York domiciliary and is a named partner in the New York law firm of Meister Seelig & Fein, LLP located at 140 East 45th Street, 19th Floor, New York, New York 10017.

3. This Court has jurisdiction over Nicola Presta because, on information and belief, he is a New York domiciliary with a residence address of 152 Florence Street, Yonkers, New York 10704.

4. This Court has jurisdiction over Eugenio Presta because, on information and belief, he is a New York domiciliary with a residence address of 43 Princeton Avenue, Yonkers, New York 10710.

5. This Court has jurisdiction over HSBC Bank USA, National Association ("HSBC USA"), because, on information and belief, it is a Delaware corporation with its principal place of business in the State of New York, located at 452 Fifth Avenue, New York, New York 10018.

6. American General issued a life insurance policy, Policy No. YH00564730, insuring the life of Costantino Presta for a face amount of $10 million and bearing a policy date of January 6, 2006. The owner of Policy No. YH00564730 was listed on the application as The Costantino Presta Irrevocable Trust (the "Trust"). Mr. Presta, as the proposed insured, and Mark J. Seelig, as Trustee of the Costantino Presta Irrevocable Trust, named the Trust as the primary

2

beneficiary. Both Mr. Presta and Mark Seelig on behalf of the Trust signed the application. A true and correct copy of the Contract Data for Policy No. YH00564730 is attached to the Arbitrio Declaration as Exhibit A.

7. Policy No. YH00564730 subsequently was partially converted to a universal life insurance policy on or about March 28, 2006 with a policy number of A70010845L, which insured Mr. Presta in the face amount of $8,695,853.61. As a result of this conversion, Policy No. YH00564730 remained in force and its face amount was reduced to $1,304,146. The Trust was also the owner and primary beneficiary of Policy No. A70010845L. A true and correct copy of the Contract Data for Policy No. A70010845L is attached to the Arbitrio Declaration as Exhibit B.

8. Pursuant to a premium finance agreement, on March 24, 2006, American General acknowledged an assignment from the Trust to HSBC USA granting HSBC USA all claims, options, privileges, rights, title and interest under Policy No. A70010845L as part of an agreement captioned "Assignment of Life Insurance Policy as Collateral" entered into between the Trust and HSBC USA (the "Agreement"). Pursuant to the Agreement, however, the Trust reserved to itself limited rights and maintained a potential interest in any proceeds payable under Policy No. A70010845L. A true and correct copy of the Agreement is attached to the Arbitrio Declaration as Exhibit C.

9. Mr. Presta died on November 5, 2006, which was within the two-year contestable periods for both Policies. A true and correct copy of the certificate of death is attached to the Arbitrio Declaration as Exhibit D.

10. On or about April 19, 2007, American General rescinded both Policies due to material misrepresentations on the policy application and filed a summons and complaint in this

3

Court seeking a declaration of rescission for both Policies and commencing this interpleader action under Fed. R. Civ. P. 22.    A true and correct copy of American General's Complaint for Declaratory Judgment and Interpleader is attached to the Arbitrio Declaration as Exhibit E.  As a result of the rescission of the Policies, American General became obligated to refund the premiums paid (the "Premium Refunds") for both Policies, plus interest, to their rightful owners.

11.    Based on the language of the Agreement entered into between the Trust and HSBC USA, American General is now in the position of addressing potentially conflicting claims by competing claimants for the Premium Refunds.  Upon information and belief, either the Trust or HSBC USA is entitled to either the entirety of the Premium Refunds from both Policies or to some proportionate share thereof.  Accordingly, in order to protect against multiple and inconsistent claims from Defendants as well as exposure to double or multiple liability, American General respectfully files this interpleader action under Fed. R. Civ. P. 22.

12.    American General has in its possession all premiums paid, plus interest, under Policy No. YH00564730.

13.    American General has in its possession all premiums paid, plus interest, under Policy No. A70010845L.

14.    American General is obligated to disburse the Premium Refunds to the appropriate parties due to the rescission of the Policies.

15.    Due to the various interests retained by the Trust and by HSBC USA as set forth in the Agreement, American General is unsure which party is entitled to the Premium Refunds.

16.    American General may be subject to multiple liability by conflicting claimants without further order of this Court.

17.    American General is a mere stakeholder and has no interest in the Premium Refunds. American General is ready, willing and able to pay the Premium Refunds plus the appropriate amount of interest.

**WHEREFORE**, Plaintiff American General prays for the following relief:

a.  that the Court order Defendants to answer the American General's Complaint for Interpleader and litigate or settle among themselves their rights and claims to the Premium Refunds.

b.  that the Court will enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Premium Refunds and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any suit or proceedings in any state or federal court for the recovery of the Premium Refunds, or relating in any way to American General's actions with respect to the handling of the Premium Refunds;

c.  that the Court will discharge American General from all further liability under or relating to the Premium Refunds, other than as ordered by this Court;

d.  that the Court award Plaintiff's attorneys' fees and costs associated with interpleading this matter; and

e.  that the Court will grant such other further relief as American General may be entitled to in law or equity.

Dated:    White Plains, New York
          June 1, 2007

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____

Michelle M. Arbitrio, Esq.
Attorneys for Plaintiff/Stakeholder
American General Life Insurance Co.
3 Gannett Drive
White Plains, NY 10604
File No.:  07478.00213

--and--

Michael D. Mulvaney (*Pro Hac Vice*)
Christopher C. Frost (*Pro Hac Vice*)
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Attorneys for the Plaintiff/Stakeholder

## CERTIFICATE OF SERVICE

6

I hereby certify that on May 31, 2007, a copy of the foregoing Motion for Final Decree of Interpleader was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____

Michelle M. Arbitrio, Esq.
Attorneys for Plaintiff/Stakeholder
American General Life Insurance Co.
3 Gannett Drive
White Plains, NY 10604
File No.: 07478.00213

--and--

Michael D. Mulvaney (*Pro Hac Vice*)
Christopher C. Frost (*Pro Hac Vice*)
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Attorneys for the Plaintiff/Stakeholder